JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Estate of Randolph Tyler by and Through Kevin Floyd, Administrator

### DEFENDANTS
Beth Grossman, Esquire, Clarence Dupree, Esquire, Office of Philadelphia District Attorney, City and County of Philadelphia

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Geoffrey V. Seay, Esquire, Attorney at Law, 1315 Walnut Street, Suite 602, Philadelphia, PA 19107 (215) 893-1480, seaylaw.aol.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☒ 3 Federal Question *(U.S. Government Not a Party)*

☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1983

Brief description of cause:
Denial of Due Process and Ulawful Taking of Property

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 150,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE      DOCKET NUMBER

DATE
08/22/2014

SIGNATURE OF ATTORNEY OF RECORD

---

**FOR OFFICE USE ONLY**

RECEIPT #      AMOUNT      APPLYING IFP      JUDGE      MAG. JUDGE

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _Philadelphia County, PA_

Address of Defendant: _Philadelphia County, PA_

Place of Accident, Incident or Transaction: _Philadelphia County, PA_
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒
*RELATED CASE, IF ANY:*
Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐  No☒

**CIVIL:** (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*
I, _Geoffrey V. Seay, Esquire_, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

**DATE:** _08/25/2014_    _____  _PA 57744_
Attorney-at-Law    Attorney I.D.#
**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

**DATE:** _08/25/2014_    _____  _PA 57744_
Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

ESTATE OF RANDOLPH TYLER      : CIVIL ACTION

     v.      :

BETH GROSSMAN, et al.      :

     : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.      ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      ( X )

_8/25/14_
**Date**

**Geoffrey V. Seay, Esquire**
**Attorney-at-law**

**Plaintiff**
**Attorney for**

(215) 893-1480
**Telephone**

(215) 893-1480
**FAX Number**

seaylaw@aol.com
**E-Mail Address**

**(Civ. 660) 10/02**

**GEOFFREY V. SEAY, ESQUIRE**
PA ATTORNEY ID NO.: 57744
1315 Walnut Street, Suite 602
Philadelphia, PA 19107
Phone: (215) 893-1480
Fax:     (215) 893-1483
Email: seaylaw@aol.com

**Attorney For Estate of Randolph Tyler**

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| | |
|---|---|
| ESTATE OF RANDOLPH TYLER by and through <br> Kevin Floyd, Administrator <br>         Plaintiffs, <br><br> v. <br><br> BETH GROSSMAN, ESQUIRE <br> Chief, Public Nuisance Task Force <br> OFFICE OF PHILADELPHIA DISTRICT ATTORNEY <br> Three South Penn Square <br> Philadelphia, PA 19107-3499; <br><br> CLARENCE DUPREE, ESQUIRE <br> Assistant District Attorney, Narcotics Division <br> OFFICE OF PHILADELPHIA DISTRICT ATTORNEY <br> Three South Penn Square <br> Philadelphia, PA 19107-3499; <br><br> OFFICE OF PHILADELPHIA DISTRICT ATTORNEY <br> Three South Penn Square <br> Philadelphia, PA 19107-3499; and <br><br> CITY AND COUNTY OF PHILADELPHIA <br> c/o City of Philadelphia Law Department <br> 1515 Arch Street, 14th Floor <br> Philadelphia, PA 19102 <br>         Defendants. | ) <br> ) <br> ) <br> ) <br> ) Docket No. 14-CV-_____ ____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## CIVIL ACTION COMPLAINT

This is an action brought by Plaintiff seeking damages and punitive damages against the named Defendants for claims arising under the United States Constitution and other federal laws and statutes.

PLAINTIFF IS NOT INCLUDED IN ANY CLASS ACTION LAWSUIT PRESENTLY PENDING IN THIS COURT.

THE ONLY COUNSEL AUTHORIZED TO REPRESENT PLAINTIFF IS THE UN-DERSIGNED COUNSEL.

### I. JURISDICTION

1. This action is brought pursuant to 42 U.S.C. §§ 1981, 1983, 1986, 1988 *et seq.*, the First, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and other federal statutes; and pursuant to 28 U.S.C. §§ 1331, 1332 and 1343(3) *et seq.*

### II. VENUE

2. All the claims herein arose within the jurisdiction of the United States District Court of the Eastern District of Pennsylvania and involve Defendants who are doing business within the Court's jurisdictional boundaries.  Venue is accordingly invoked pursuant to 28 U.S.C. § 1391(b) and (c).

### III. PARTIES

3. Plaintiff, Estate of Randolph Tyler ("Plaintiff"), is the estate of the decedent property own-er, Randolph Tyler.

4. Kevin Floyd is the Administrator of the estate.  Letters of Administration were issued to him by the Register for the Probate of Wills, Office of Register of Wills of Philadelphia County, Pennsylvania on April 23, 2013.

5. Defendant, BETH GROSSMAN, ESQUIRE ("Defendant GROSSMAN") is an individual and an attorney licensed to practice law in the Commonwealth of Pennsylvania. At all times relevant hereto, Defendant GROSSMAN maintained a place of business in the City and County of Philadelphia, Pennsylvania. Further, at all times relevant, Defendant GROSSMAN acted in an official supervisory capacity.

6. Defendant, CLARENCE DUPREE, ESQUIRE ("Defendant DUPREE") is an individual and an attorney licensed to practice law in the Commonwealth of Pennsylvania. At all times relevant hereto, Defendant DUPREE maintained a place of business in the City and County of Philadelphia, Pennsylvania. Further, at all relevant times, Defendant DUPREE acted in an official capacity.

7. Defendant, OFFICE OF PHILADELPHIA DISTRICT ATTORNEY ("Defendant DISTRICT ATTORNEY"), is local prosecutor in Philadelphia County, Pennsylvania. At all times relevant hereto, Defendant DISTRICT ATTORNEY was the employer of Defendants GROSSMAN and DUPREE, and was in the business of forfeiting the properties of deceased African-Americans for proprietary reasons.

8. Defendant, CITY AND COUNTY OF PHILADELPHIA ("Defendant CITY"), is a municipality organized by and through the Commonwealth of Pennsylvania that funds the activities of Defendant DISTRICT ATTORNEY.

## IV. STATEMENT OF FACTS

9. Plaintiff incorporates by reference Paragraphs 1 through 8 herein, as if they are fully set forth herein.

## A. Relevant Background Information

10. On February 22, 2010, City of Philadelphia police officer, THOMAS LICIARDELLO, made out an affidavit of probable cause in a state court criminal case that was approved by his supervisor, City of Philadelphia police Sergeant, Joseph McCloskey.

11. During the state court criminal case, Defendants CITY and DISTRICT ATTORNEY instituted a policy and practice of rejecting the evidence and testimony of City of Philadelphia police officer THOMAS LICIARDELLO in state court criminal cases.

12. At the same time, Defendants CITY and DISTRICT ATTORNEY and their high-ranking officials entered into agreements to keep the reasons for that policy and practice a secret from the public.

13. As a supervisory official in the district attorney's office, Plaintiff reasonably believes and avers that Defendant GROSSMAN knew why Defendants CITY and DISTRICT ATTORNEY instituted a policy and practice of rejecting the evidence and testimony of City of Philadelphia police officer THOMAS LICIARDELLO in state court criminal cases.

14. The reason was never disclosed to the state court during the state court drug forfeiture proceedings.

15. The secret is now out; however, upon reasonable belief and information, Plaintiff avers that for years that high-ranking Defendant CITY and DISTRICT ATTORNEY officials, including, but not limited to Mayor, Michael Nutter, District Attorney, R. Seth Williams and Police Commissioner, Charles H. Ramsey knew the reasons behind the policy and practice of rejecting the evidence and testimony of City of Philadelphia police officer THOMAS LICIARDELLO in state court criminal cases, but *did not* implement any practices and protocols to ensure that evidence and testimony gathered by City of Philadelphia police officer

THOMAS LICIARDELLO would be barred from all state court cases, including drug for-
feiture cases.

## B. The State Court Forfeiture Proceedings

16. On March 30, 2009, Mr. Randolph Tyler died in Philadelphia County, PA.

17. At the time of his death, Mr. Tyler owned the property located at 656 North 54th Street,
Philadelphia, PA 19131.

18. Mr. Tyler did not leave a will or any other written instructions with respect to the disposi-
tion of his property located at 656 North 54th Street.

19. On or about August 2, 2010, *491 days after* Mr. Tyler's death, Defendants CITY, DIS-
TRICT ATTORNEY and GROSSMAN commenced a drug forfeiture action against Mr.
Tyler's property located at 656 North 54th Street; the case was docketed in the Court of
Common Pleas of Philadelphia County as In re 656 N 54th Street, CP-51-MD-0010734-
2010 (Pa.Com.Pl., Aug 2, 2010).

20. As explained hereinafter, City of Philadelphia police officer THOMAS LICIARDELLO's
February 22, 2010 affidavit of probable cause approved by his supervisor, City of Philadel-
phia police Sergeant, Joseph McCloskey, was the sole information relied upon by Defend-
ants CITY, DISTRICT ATTORNEY, GROSSMAN and DUPREE in the drug forfeiture
case.

21. There were no allegations that Mr. Tyler was in any way involved in the alleged criminal
activity that gave rise to the forfeiture action; after all, he had been dead for *330 days* when
the alleged criminal activity took place.

22. The affidavit of probable cause in support of the forfeiture complaint was made by City of
Philadelphia police officer, THOMAS LICIARDELLO, who is currently being held with-

5

out bail in the Philadelphia Federal Detention Center on numerous criminal charges that carry life in prison.

23. Since Mr. Tyler was dead, Defendants DISTRICT ATTORNEY and GROSSMAN did not serve him with a copy of their forfeiture complaint.

24. Further, since Mr. Tyler was dead when the alleged criminal activity took place, he was the quintessential innocent owner of the property under Pennsylvania drug forfeiture laws.

25. At the time Defendants DISTRICT ATTORNEY and GROSSMAN commenced their drug forfeiture action, an estate had not been raised on Mr. Tyler's behalf, and there was no legal representative to act on his behalf.

26. Defendants DISTRICT ATTORNEY and GROSSMAN assigned the 656 North 54th Street drug forfeiture case to Defendant DUPREE.

27. Defendant GROSSMAN personally supervised and reviewed all of Defendant DUPREE's actions in the drug forfeiture action; Defendant DUPREE did not take any actions without Defendant GROSSMAN's prior knowledge, approval and participation.

28. From June 2011 through April 2012, under Defendant GROSSMAN's direct supervision, knowledge and acquiescence, Defendant DUPREE made numerous appearances in the Court of Common Pleas of Philadelphia County for the sole purpose of unlawfully forfeiting the innocent and long deceased Mr. Tyler's property.

29. At times, Defendant GROSSMAN met with Defendant DUPREE and they agreed upon a strategy and course of unlawful activities to forfeit Mr. Tyler's property.

30. At other times, Defendant GROSSMAN simply turned a blind eye to Defendant DUPREE's unlawful activities simply because her goal was to forfeit as many properties as possible; to sell those properties; and to raise as much money as possible for Defendants

6

CITY and DISTRICT ATTORNEY in order to maintain and/or raise her professional and financial stature.

31. Shortly after Defendant DUPREE entered his appearance on behalf of Defendants CITY, DISTRICT ATTORNEY and GROSSMAN, he filed a *lis pendens* against 656 North 54th Street, indexing it under "Randolph Tyler, 656 North 54th Street, Philadelphia, PA".

32. Naturally, Defendant DUPREE did not serve the *lis pendens* on Mr. Tyler because he had been dead for more than a year prior to the filing of the *lis pendens*.

33. During that time, Defendants CITY, DISTRICT ATTORNEY, GROSSMAN and DUPREE caused a notice of the drug forfeiture action to be mailed to 656 North 54th Street, Philadelphia, PA 19131; no personal service was ever made.

34. Shortly thereafter, Defendant DUPREE was personally and promptly informed that Mr. Tyler was dead, and he did not have an estate.

35. Under Pennsylvania law, Defendants CITY, DISTRICT ATTORNEY, GROSSMAN and DUPREE could have raised an estate themselves, thereby having a legal entity to seek forfeiture from, instead of seeking it from a dead property owner.

36. Apparently, somebody in Defendant DISTRICT ATTORNEY's office fraudulently misinformed the state forfeiture court that an estate had been raised.

37. On September 9, 2010, a notation was made on the Court of Common Pleas docket sheet that "Rep failed to appear".

38. On October 26, 2010, a notation of "Estate" was made on the Court of Common Pleas docket sheet.

39. On March 1, 2011, a notation of "Advertisement" was made on the Court of Common Pleas docket sheet by "KP".

40. On March 1, 2011, a notation of "Interest" was made on the Court of Common Pleas dock-
et sheet.

41. On June 9, 2011, Kerry Permsap, a Court of Common Pleas Commissioner continued the
drug forfeiture case because of "Status of Estate."

42. On December 5, 2011, Kerry Permsap, a Court of Common Pleas Commissioner continued
the drug forfeiture case because of "Status of Estate."

43. On January 23, 2012, Kerry Permsap, a Court of Common Pleas Commissioner continued
the drug forfeiture case because of "Status of Estate."

44. Even though the underlying criminal case was withdrawn, Defendants CITY, DISTRICT
ATTORNEY, GROSSMAN and DUPREE did not withdraw the drug forfeiture case
against the innocent and deceased Mr. Tyler; instead, for financial reasons, they callously,
indifferently, maliciously and recklessly pursued the drug forfeiture case until they sold his
property and put the money in their pockets.

45. On April 9, 2012, Defendants CITY, DISTRICT ATTORNEY, GROSSMAN and
DUPREE were successful in their efforts to forfeit Mr. Tyler's property, and default judg-
ment was granted by a Court of Common Pleas judge allowing the forfeiture to be "in-
dex[ed]... under RANDOLPH TYLER", even though they knew with absolute certainty
that Mr. Tyler was innocent and dead.

46. On that date, Mr. Tyler had been dead for more than three years, and Defendants CITY,
DISTRICT ATTORNEY, GROSSMAN and DUPREE absolutely knew it; yet, they cal-
lously and recklessly pursued the forfeiture of Mr. Tyler's property.

47. Defendants CITY, DISTRICT ATTORNEY, GROSSMAN and DUPREE did not promptly
advertise the default judgment, or otherwise notify any prospective heirs of Mr. Tyler that

656 North 54th Street had been forfeited, even though they knew with absolute certainty that Mr. Tyler was dead.

48. Under the circumstances, the forfeiture of Mr. Tyler's property constituted an unlawful taking of his property, punishment, and an excessive and disproportionate fine in violation of the United States Constitution.

49. On October 2, 2012, *more than 177 days* after the entry of the default judgment forfeiture, Defendant GROSSMAN personally sent a letter addressed to "Occupant" of 656 North 54th Street advising "the this property has been forfeited by the District Attorney's Office", even though she knew with absolute certainty that Mr. Tyler was dead and an estate still had not been raised.

50. On December 10, 2012, Defendants CITY, DISTRICT ATTORNEY, GROSSMAN and DUPREE hastily sold Mr. Tyler's real property to Jeff R. Cater for a mere $5,500.00, even though they knew with absolute certainty that Mr. Tyler was dead; pennies on the actual dollar value for the property and to the detriment of Mr. Tyler and his yet to be raised estate.

51. Defendants CITY, DISTRICT ATTORNEY, GROSSMAN and DUPREE did not promptly advertise the default judgment, or otherwise notify any prospective heirs of Mr. Tyler that 656 North 54th Street had been sold to Jeff R. Cater for a mere $5,500.00, even though they knew with absolute certainty that Mr. Tyler was dead.

52. According to the records from the underlying criminal case that had absolutely nothing to do with Mr. Tyler, Mr. Tyler's property was forfeited and sold before there was a disposition in that case.

53. The $5,500.00 that Defendants CITY and DISTRICT ATTORNEY received for Mr. Ty-
    ler's property is part a multi-million dollar proprietary forfeiture enterprise by Defendants
    CITY and DISTRICT ATTORNEY that has netted them nearly $100,000,000.00 in the
    past 15 years.

54. Upon reasonable belief and information, Plaintiff avers that Defendants CITY and DIS-
    TRICT ATTORNEY split the $5,500.00 amongst the police department and the district at-
    torney's office where the money was appropriated to their budgets and made its way to De-
    fendants GROSSMAN and DUPREE in the form of salaries and other benefits.

55. Upon reasonable investigation, information and belief, Plaintiff avers that Defendants
    GROSSMAN and DUPREE benefit directly from the multi-million dollar proprietary for-
    feiture enterprise because the money goes toward their salaries, training, pensions and other
    fringe benefits.

56. At all times relevant hereto, Defendants DISTRICT OF ATTORNEY, GROSSMAN and
    DUPREE recklessly disregarded numerous and obvious conflicts of interest, and systemi-
    cally and continuously enriched themselves by unlawfully forfeiting Mr. Tyler's property.

57. Upon reasonable investigation, information and belief, Plaintiff avers that Defendants
    CITY, DISTRICT ATTORNEY, GROSSMAN and DUPREE have a long-standing custom
    of forfeiting the real property of deceased property owners.

## V.  CLAIMS FOR RELIEF
### FIRST CLAIM FOR RELIEF – FAILURE TO SUPERVISE
### DEFENDANTS CITY AND DISTRICT ATTORNEY

58. Plaintiff incorporates by reference Paragraphs 1 through 57 herein, as if they are fully set
    forth herein.

59. Defendants CITY and DISTRICT ATTORNEY, acting under the color of state law and in concert with others, have systemically, unlawfully, knowingly, intentionally, willfully, maliciously, wantonly, recklessly, outrageously and callously indifferently:

    a. Failed to implement any practices and protocols to ensure that evidence and testimony gathered by City of Philadelphia police officer THOMAS LICIARDELLO would be barred from all state court cases, including drug forfeiture cases;

    b. Failed to supervise, train and monitor employees, agents, servants and contractors of Defendants CITY and DISTRICT ATTORNEY, with regards to the administration of duties assumed and assigned from Defendants CITY and DISTRICT ATTORNEY, including, but not limited to due process of law, drug forfeiture laws, and the taking of private property;

    c. Failed to identify, investigate, and take remedial and/or disciplinary actions and/or measures against those employees, agents, servants and contractors of Defendants CITY, DISTRICT ATTORNEY, such as Defendant GROSSMAN who fail to provide due process to innocent and deceased property owners; and

    d. Failed to ensure that employees, agents, servants and contractors of Defendants CITY and DISTRICT ATTORNEY, such as Defendant GROSSMAN, follow lawful policies, procedures, directives, clauses, provisions and instructions regarding the unlawful forfeiture of innocent deceased property owners.

60. As a direct and proximate cause of the systemic, unlawful, knowing, intentional, willful, malicious, wanton, reckless, outrageous and callously indifferent conduct by employees, agents, servants and contractors of Defendants CITY and DISTRICT ATTORNEY, Plaintiff has suffered and will continue to suffer permanently into the future to his great detriment and loss.

### SECOND CLAIM FOR RELIEF – FAILURE TO SUPERVISE
### DEFENDANTS CITY, DISTRICT ATTORNEY AND GROSSMAN

61. Plaintiff incorporates by reference Paragraphs 1 through 60 herein, as if they are fully set forth herein.

62. servants and contractors of Defendants, acting under the color of state law and in concert with others, have systemically, unlawfully, knowingly, intentionally, willfully, maliciously, wantonly, recklessly, outrageously and callously indifferently:

   a. Failed to implement any practices and protocols to ensure that evidence and testimony gathered by City of Philadelphia police officer THOMAS LICIARDELLO would be barred from all state court cases, including drug forfeiture cases;

   b. Failed to supervise, train and monitor employees, agents, servants and contractors of Defendants CITY, DISTRICT ATTORNEY and GROSSMAN, with regards to administration of duties assumed and assigned from Defendants CITY and DISTRICT ATTORNEY, including, but not limited to due process of law, drug forfeiture laws, and the taking of private property;

   c. Failed to identify, investigate, and take remedial and/or disciplinary actions and/or measures against those employees, agents, servants and contractors of Defendants CITY, DISTRICT ATTORNEY and GROSSMAN who fail to provide due process to innocent and deceased property owners; and

   d. Failed to ensure that employees, agents, servants and contractors of Defendants CITY, DISTRICT ATTORNEY and GROSSMAN, such as Defendant DUPREE, follow lawful policies, procedures, directives, clauses, provisions and instructions regarding the unlawful forfeiture of innocent deceased property owners.

63. As a direct and proximate cause of the systemic, unlawful, knowing, intentional, willful, malicious, wanton, reckless, outrageous and callously indifferent conduct by employees, agents, servants and contractors of Defendant GROSSMAN, Plaintiff has suffered and will continue to suffer permanently into the future to his great detriment and loss.

## THIRD CLAIM FOR RELIEF – DENIAL OF DUE PROCESS

64. Plaintiff incorporates by reference Paragraphs 1 through 63 herein, as if they are fully set forth herein.

65. Defendants CITY, DISTRICT ATTORNEY, GROSSMAN and DUPREE, acting under the color of state law and in concert with others, have systemically, unlawfully, knowingly, intentionally, willfully, maliciously, wantonly, recklessly, outrageously and callously indifferently:

a.  From on or about June 9, 2011 through December 10, 2012 engaged in a pattern and un-broken chain of conduct to deny Plaintiff due process by failing to give him meaningful, prompt and adequate notice, as required under the United States Constitution, before un-lawfully forfeiting and selling his property.

b.  Denied Plaintiff due process by failing to implement any practices and protocols to en-sure that evidence and testimony gathered by City of Philadelphia police officer THOM-AS LICIARDELLO would be barred from all state court cases, including drug forfeiture cases;

c.  Denied Plaintiff due process of law by failing to give him meaningful, prompt and ade-quate notice, as required under the United States Constitution, before unlawfully forfeit-ing his property;

d.  Denied Plaintiff due process of law by failing to give him meaningful, prompt and ade-quate notice, as required under the United States Constitution, after unlawfully forfeiting his property; and

e.  Denied Plaintiff due process because at all times relevant hereto he was an innocent and deceased property owner.

66. As a direct and proximate cause of the systemic, unlawful, knowing, intentional, willful, malicious, wanton, reckless, outrageous and callously indifferent conduct by Defendants, Plaintiff has suffered and will continue to suffer permanently into the future to his great detriment and loss.

## FOURTH CLAIM FOR RELIEF
## UNLAWFUL TAKING OF PROPERTY

67. Plaintiff incorporates by reference Paragraphs 1 through 66 herein, as if they are fully set forth herein.

68. Defendants CITY, DISTRICT ATTORNEY, GROSSMAN and DUPREE, acting under the color of state law and in concert with others, have systemically, unlawfully, knowingly, in-tentionally, willfully, maliciously, wantonly, recklessly, outrageously and callously indif-ferently:

a.  Taking Plaintiff's property in violation of the United States Constitution; and

b. Denied Plaintiff due process and equal protection because at all times relevant hereto he was an innocent and deceased property owner.

69. As a direct and proximate cause of the systemic, unlawful, knowing, intentional, willful, malicious, wanton, reckless, outrageous and callously indifferent conduct by Defendants, Plaintiff has suffered and will continue to suffer permanently into the future to his great detriment and loss.

## FIFTH CLAIM FOR RELIEF
## EXCESSIVE AND DISPROPORTIONATE PUNISHMENT AND FINES

70. Plaintiff incorporates by reference Paragraphs 1 through 69 herein, as if they are fully set forth herein.

71. Defendants CITY, DISTRICT ATTORNEY, GROSSMAN and DUPREE, acting under the color of state law and in concert with others, have systemically, unlawfully, knowingly, intentionally, willfully, maliciously, wantonly, recklessly, outrageously and callously indifferently:

a. Forfeiting, taking and selling Plaintiff's property in violation of the Fifth, Eighth and Fourteenth Amendments to the United States Constitution because such actions taken against an innocent and deceased property owner were punitive, excessive and disproportionate.

72. As a direct and proximate cause of the systemic, unlawful, knowing, intentional, willful, malicious, wanton, reckless, outrageous and callously indifferent conduct by Defendants, Plaintiff has suffered and will continue to suffer permanently into the future to his great detriment and loss.

## VI. DEMAND FOR JUDGMENT, DAMAGES
## AND PUNITIVE DAMAGES

73. Plaintiff hereby incorporates by reference, Paragraphs 1 through 72, as though they are fully set forth herein.

14

74. On all Claims for Relief, pursuant to 42 U.S.C. §§ 1981, 1983, 1986, 1988 *et seq.*, the First, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and other federal statutes; and pursuant to 28 U.S.C. §§ 1331, 1332 and 1343(3) *et seq.*, Plaintiff demands judgment in his favor and damages in an amount not less than $150,000.00 on all claims for relief, and reasonable attorney's fees, costs, expenses and interest.

75. On all Claims for Relief, Plaintiff demands punitive damages on all claims for relief, reasonable attorney's fees, costs, expenses and interest, because Defendants' actions fell below the normal standards of decent conduct and was callous, reckless and outrageous.

76. Plaintiff demands other just relief as the Court may award.

## VII. DEMAND FOR A JURY TRIAL

77. Plaintiff hereby incorporates by reference, Paragraphs 1 through 76, as though they are fully set forth herein.

78. On all facts and Facts and Claims for relief asserted, Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment, damages and punitive damages on all Facts and Causes of Action herein asserted, and upon judgment, award reasonable attorney's fees, costs, expenses and interest.

Respectfully submitted,

Geoffrey V. Seay, Esquire
Attorney at Law
1315 Walnut Street, Suite 602
Philadelphia, PA 19107
(215) 893-1480
(215) 893-1483 (Fax)
seaylaw@aol.com
August 25, 2014